**QUILL & ARROW, LLP**
Kevin Y. Jacobson (SBN 320532)
kjacobson@quillarrowlaw.com
Gregory Sogoyan, Esq. (SBN 316832)
GSogoyan@quillarrowlaw.com
e-service@quillarrowlaw.com
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Telephone:  (310) 933-4271
Facsimile:   (310) 889-0645

Attorneys for Plaintiffs,
**DIMITRI MARTYANOV
AND RBI PRODUCTIONS LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI MARTYANOV, an individual, and RBI PRODUCTIONS LLC, an Arizona Limited Liability Company,<br><br>　　　　　　Plaintiffs,<br>　　vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company,<br><br>　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br>3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2** |

COMPLAINT

Plaintiffs, DIMITRI MARTYANOV, an individual, and RBI PRODUCTIONS LLC, an Arizona Limited Liability Company ("Plaintiffs"), allege as follows against Defendant, MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company ("MERCEDES-BENZ USA, LLC") on information and belief, formed after a reasonable inquiry under the circumstances:

**INTRODUCTION**

1. These causes of action arise out of the warranty obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that purchased by Plaintiffs and for which MERCEDES-BENZ USA, LLC issued a written warranty.

2. On February 27, 2020, Plaintiffs purchased a 2019 Mercedes-Benz M2PV7G, having VIN No. W1Z40GHY4KT018286 ("Subject Vehicle"). Pursuant to Section 1793.22, subdivision (e)(2), of the California Civil Code, the Subject Vehicle was a new vehicle that had never been sold to a private consumer prior to Plaintiffs' purchase, and therefore constitutes a "new motor vehicle" under the Song-Beverly Consumer Warranty Act (hereinafter "the Act").

3. These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiffs purchased and for which MERCEDES-BENZ USA, LLC issued a full and enforceable written warranty. The warranty was not issued by the selling dealership.

4. MERCEDES-BENZ USA, LLC warranted the Subject Vehicle and agreed to preserve or maintain the utility or performance of Plaintiffs' vehicle or to provide compensation if there was a failure in such utility or performance. In connection with the purchase, Plaintiffs received various warranties, inter alia, a 3-years/36,000 miles express bumper to bumper warranty and a 5-years/100,000 miles of limited powertrain warranty which, inter alia, covers the engine and the transmission, as well as various emissions warranties that exceed the time and mileage limitations of the bumper to bumper and powertrain warranties.

5. The Subject Vehicle was delivered to Plaintiffs with serious defects and

nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, electrical, engine, suspension, and emission system defects.

6. These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiffs purchased and for which MERCEDES-BENZ USA, LLC issued a full and enforceable written warranty. The warranty was not issued by the selling dealership.

7. Plaintiffs hereby revoke acceptance of the sales contract.

8. Pursuant to the Act, Civil Code sections 1790 et seq., the Subject Vehicle constitutes a "consumer good" used primarily for family or household purposes, and Plaintiffs has used the vehicle primarily for those purposes.

9. Plaintiffs are "buyers" of consumer goods under the Act.

10. Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

11. Plaintiffs hereby demand trial by jury in this action.

**PLAINTIFFS' REPAIR HISTORY OF THE SUBJECT VEHICLE**

12. The following is a summary of some pertinent portions of the repair visits for the Subject Vehicle.

13. On June 2, 2020, with approximately 1,762 miles on the odometer, Plaintiffs presented to Defendant's authorized repair facility, Silver Star A. G., Ltd., and reported the speaker on the left-side sliding door not functioning. Upon inspection, Defendant's authorized technician discovered the fader set to the front speaker. After setting the fader to the center, Defendant's technician represented to Plaintiffs that the Subject Vehicle was repaired. Plaintiffs additionally reported the Air Condition ("A/C") vents in the back row and driver-side roof not blowing cold air. After inspecting the Subject Vehicle, Defendant's technician isolated the cause to be due to the A/C lines leaking at the fittings. A subsequent leak test revealed the A/C system's refrigerant was not at a sufficient level. Further investigation

uncovered a leak at the rear A/C hose connection at the right side floor. To address Plaintiffs' concern, Defendant's technician replaced both seals and refilled the A/C system before representing to Plaintiffs that the Subject Vehicle was operating to warranty. Plaintiffs also complained that the audio and instrument cluster would randomly restart. Defendant's technician scanned for fault codes and detected fault codes B1F9997, pertaining to a defect with the Control Unit, and B1E7C00, pertaining to a touch screen malfunction. Once the fault codes were cleared, Defendant's technician performed a software update and claimed that that the repairs had resolved Plaintiffs' concerns. Furthermore, Plaintiff stated that the driver-side outlet was not properly functioning. Defendant's technician found that the fuse had blown, resulting in the necessity of a replacement. After the replacement, Defendant's technician represented to Plaintiffs that the Subject Vehicle was repaired. Despite the alleged repairs, Plaintiffs' concerns have continued to plague the Subject Vehicle. The inspection and repair were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately ten (10) days during this repair attempt.

14. On October 6, 2020, with approximately 12,099 miles on the odometer, Plaintiffs presented to Defendant's authorized repair facility, Silver Star A. G., Ltd., and reported the driver-side outlets malfunctioning *for the second time.* Despite this, Defendant's authorized technician claimed that the outlets were working as intended and left Plaintiffs' concern unaddressed. Despite the Defendant's technician's alleged determination, Plaintiffs' concerns have continued to plague them for the remainder of their ownership. The inspection was performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately three (3) days during this repair attempt.

15. On November 11, 2020, with approximately 17,535 miles on the odometer, Plaintiffs presented to Defendant's authorized repair facility, Silver Star A. G., Ltd., and reported the front brakes squeaking upon usage. Defendant's

authorized technician inspected the Subject Vehicle and persisted that no noise was presented and that the front brakes were working as intended. Despite the Defendant's technician's alleged determination, Plaintiffs' concerns have continued to plague them for the remainder of their ownership. The inspection was performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately one (1) day during this repair attempt.

16.  On June 15, 2021, with approximately 39,918 miles on the odometer, Plaintiffs presented to Defendant's authorized repair facility, Silver Star A. G., Ltd., and reported the electric sliding door not fully closing, resulting the Plaintiffs needing to manually slide the door shut. Upon inspection, Defendant's authorized technician verified Plaintiffs' concerns and performed a software update to the electric sliding door control unit. After the update, Defendant's technician claimed that the repairs had resolved the issue. Despite the Defendant's technician's alleged determination, Plaintiffs' concerns have continued to plague them for the remainder of their ownership. The inspection and repairs were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately eight (8) days during this repair attempt.

17.  On May 27, 2022, with approximately 69,103 miles on the odometer, Plaintiffs presented to Defendant's authorized repair facility, Silver Star A. G., Ltd., and reported the left tail, brake, turn signal, and back up light warnings illuminating on the instrument cluster. Defendant's authorized technician discovered a faulty left-rear turn signal and brake bulbs. After replacing the brake bulbs, Defendant's technician represented to Plaintiffs that the Subject Vehicle was repaired. Despite the Defendant's technician's alleged determination, Plaintiffs' concerns have continued to plague them for the remainder of their ownership. The inspection and repairs were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately six (6) days during this repair attempt.

18. On August 29, 2022, with approximately 79,390 miles on the odometer, Plaintiffs presented to Defendant's authorized repair facility, Silver Star A. G., Ltd., and reported a burn mark present on the inside of the sliding door's floor. After inspecting the Subject Vehicle, Defendant's authorized technician discovered a missing heat shield on the canter muffler, and thus, performed a compression test which resulted in the values of the front oxygen sensor to be out of range. Disassembling and examining the ground line, engine ground strap, and fuse box did not reveal any further defects. After replacing the oxygen sensor, Defendant's technician proceeded to reassemble the components and clamed the Subject Vehicle was operating as designed. Plaintiff also complained of the electric sliding door intermittently not opening when pulling on the handles or when using the remote. Defendant's technician verified Plaintiffs' complaint and found fault codes pertaining to the sliding door handles. To address Plaintiffs' concern, Defendant's technician performed a guided test, adjusted, and lubed the defective door. After confirming that all buttons were functioning, Defendant's technician represented to Plaintiff that the repairs had resolved their concern. Additionally, Plaintiff reported the passenger-side front window not rolling back up. During a function test of the passenger-side window, Defendant's technician verified that the passenger-side window switch was inoperable. After replacing the switch, Defendant's technician claimed that the Subject Vehicle was now operating normally. Despite the Defendant's technician's alleged determination, Plaintiffs' concerns have continued to plague them for the remainder of their ownership. The inspection and repairs were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately fifty-nine (59) days during this repair attempt.

**JURISDICTION AND VENUE**

19. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 *et seq.,* because the amount of recovery sought by Plaintiffs

exceed the jurisdictional amount of $75,000.00, and there is complete diversity among the parties.

20. The Subject Vehicle, as reflected in the Sale Contract, has an approximate value of $91,261.40. Pursuant to the Song-Beverly Act, Plaintiffs are seeking general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiffs seek in the approximate amount of $273,784.20. Plaintiffs are also seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiffs' claims meet the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

21. Complete diversity exists as Plaintiff, DIMITRI MARTYANOV is a citizen of the State of California, and Plaintiff, RBI PRODUCTIONS LLC, is a Limited Liability Company that falls in the jurisdiction of the State of Arizona.

22. With respect to Defendant, MERCEDES-BENZ USA, LLC, the citizenship of a limited liability company for diversity jurisdiction purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Moreover, a member of a limited liability company is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code § 17701.02, subd. (p.); 6 Del. Code § 18-101, subd. (13); 6 Del. Code §§ 18-301 et seq.

23. Defendant, MERCEDES-BENZ USA, LLC, is a Delaware Limited Liability Company operating and doing business in the State of California. As reflected in Defendant's Statement of Information filed with the California Secretary of State, none of the individual members listed therein are citizens of the state of California. Rather, the Statement of Information expressly indicates a Georgia address for each listed member. Accordingly, the members of MERECEDES-BENZ USA, LLC are citizens of the state of Georgia and not California, as reflected in

Section D of the Statement of Information, filed by Defendant on April 19, 2022. A true and correct copy of Defendant, Mercedes-Benz USA, LLC's Statement of Information is attached herewith as **Exhibit A**.

24. As such, none of Defendant's members, as a limited liability company, are citizens of the state of California. Accordingly, there is complete diversity among the parties under 28 U.S.C. § 1332. (a) (1), as Plaintiffs have alleged sufficient facts to establish subject matter jurisdiction.[1]

25. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this court because the Subject Vehicle was purchased at SILVER STAR A.G. LTD., a MERCEDES-BENZ USA, LLC authorized dealership and repair facility, located at 3905 Auto Mall Dr., Westlake Village, CA 91362.

26. Venue is also proper, as Plaintiff, DIMITRI MARTYANOV, is an individual residing in the county of Los Angeles, California.

27. Venue is also proper, as Plaintiff, RBI PRODUCTIONS LLC, is an Arizona Limited Liability Company operating and doing business in the State of California.

28. Venue is also proper, as Defendant, MERCEDES-BENZ USA, LLC, is and was a Delaware Limited Liability Company operating and doing business in the State of California.

29. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

30. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or

---

[1] The Federal Rules are designed to minimize disputes over pleading technicalities. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009). A complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 544, at 555 (2007); see *Starr v. Baca*, 652 F3d 1202, 1212 (9th Cir. 2011) (discussing traditional liberal theory of Rule 8(a)). In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 US 89, 94 (2007) (emphasis added); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008); *accord Proft v. Raoul*, 944 F3d 686, 690 (7th Cir. 2019).

agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed for herein.

## DEMAND FOR JURY TRIAL

31. Plaintiffs, DIMITRI MARTYANOV and RBI PRODUCTIONS LLC, hereby demand a trial by jury in this action.

## FIRST CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Express Warranty**

32. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

33. These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiffs purchased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

34. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, electrical, engine, suspension, and emission system defects.

35. Pursuant to the Song-Beverly Consumer Warranty Act (herein-after "the Act") Civil Code sections 1790 *et seq.* the vehicle constitutes a "consumer good" used primarily for family or household purposes, and Plaintiffs has used the Subject Vehicle primarily for those purposes.

36. Plaintiffs are the "buyers" of consumer goods under the Act.

37. Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

38. The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

39. Plaintiffs delivered the Subject Vehicle to an authorized MERCEDES-BENZ USA, LLC repair facility for repair of the nonconformities.

40. Defendant was unable to conform the Subject Vehicle to the applicable express warranty after a reasonable number of repair attempts.

41. Notwithstanding Plaintiffs' entitlement, Defendant MERCEDES-BENZ USA, LLC has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

42. By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

43. Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the Subject Vehicle less that amount directly attributable to use by the Plaintiffs prior to the first presentation of the nonconformities.

44. Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

45. Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

46. Because Defendant willfully violated the Song-Beverly Act, Plaintiffs is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for MERCEDES-BENZ USA, LLC's willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Implied Warranty**

47. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated

1  and re-alleged.

2      48.   MERCEDES-BENZ USA, LLC and its authorized dealership at which Plaintiffs purchased the Subject Vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the Subject Vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

    49.   Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

    50.   Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

    51.   The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

    52.   The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

    53.   The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was sold with one or more defective vehicle systems/components which manifested as electrical, engine, suspension, and emission system defects.

    54.   Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009)

174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

55. Plaintiffs are entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*.

56. Plaintiffs hereby revoke acceptance of the Subject Vehicle.

57. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

58. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

59. Plaintiffs are entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

## THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2(b)

60. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

61. Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

62. Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

63. Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

64. The sale of the Subject Vehicle was accompanied by express warranties,

including a warranty guaranteeing that the Subject Vehicle was safe to drive and not equipped with defective parts, including electrical, engine, suspension, and emission system defects.

65. Plaintiffs delivered the Subject Vehicle to MERCEDES-BENZ USA, LLC's authorized service representatives on multiple occasions. The Subject Vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the sale of the Subject Vehicle.

66. Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time and MERCEDES-BENZ USA, LLC has failed to tender the Subject Vehicle back to Plaintiffs in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

67. Plaintiffs are entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*.

68. Plaintiffs hereby revoke acceptance of the Subject Vehicle.

69. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

70. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq*. and Commercial Code, section 2711.

71. Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq*.

72. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 *et seq*. and Commercial Code sections 2711, 2712, and 2713 *et seq*.

73. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that MERCEDES-BENZ USA, LLC has willfully failed to comply with its responsibilities under the Act.

///

**PRAYER FOR RELIEF**

1. For general, special, and actual damages according to proof at trial;
2. For recission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiffs' actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorneys' fees and costs of suit; and
8. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: January 31, 2023

               **QUILL & ARROW, LLP**

*/s/ Kevin Y. Jacobson*
Kevin Y. Jacobson, Esq.
Gregory Sogoyan, Esq.
Attorneys for Plaintiffs,
**DIMITRI MARTYANOV**
**RBI PRODUCTIONS LLC**